By the Court. Bosworth, J.
The defendant kept an account with the Continental Bank, and on depositing with that bank, on the 15th of April, 1857, the check in question, received *505 credit for its amount. Instead of taking it to the American Exchange Bank, and obtaining payment of it, he deposited it with the Continental Bank.
The Continental Bank, in its proceedings to obtain payment of the check, conformed to the established usage of the banks in the City of Hew York, and the customary course of business in such cases.
The Continental Bank did not undertake, expressly or by implication, to exercise, or subject itself to the duty of exercising, any greater diligence to obtain payment of the check.
It passed through the Clearing House to, and was presented at, the American Exchange Bank, on which it was drawn, soon after that bank opened, on the 16th. That bank refused to pay it, and returned it to the Continental Bank, about 12 o’clock of that day. The defendant was immediately and personally notified of these facts: the defendant said there must be some mistake in the matter, and he would see to it immediately. He told Mr. Tallman, another teller, who went to him with the check, and with information that payment of it had been stopped, “ something about some third person, and that he would make it good before three o’clock, p. M.”
When a case presents no peculiar circumstances, laches cannot be imputed to the holder of a check, as between him and his immediate endorser, merely because he does not present it until the day after he received it. (Merchants’ Bank v. Spicer, 6 Wend. 443; Gough v. Staats, 13 id. 549.)
Certainly no laches can be imputed to a depositary, receiving it tor presentment and collection, who, in presenting it on the next day after its receipt, acts in conformity with the regular and established course of business in such cases.
A rule which required all banks in the City of Hew York to present, for payment, all the checks deposited by their customers, on the day of their deposit, would compel them to decline business of that character, and defeat the objects, in many cases, for which deposits are made, and put an end to certain facilities, which result from obtaining credit for the amount of a check, for the day of its deposit, without providing for its payment until the following morning.
The transaction at the Clearing House did not operate as a pay *506 ment of the check by the American Exchange Bank, nor make it the duty of that bank to credit the amount of it to the Continental Bank. Giving to the transaction that effect, would be in direct conflict with the established course of business.
The American Exchange Bank never accepted the check, in any such sense, as to have agreed, even by implication, to pay it, or credit its amount to the Continental Bank.
There was no evidence which authorized the referee to find that the Continental Bank received the check, as a purchaser and at its own risk, or upon an agreement not to look to the defendant, in the event of its being dishonored.
In our opinion, there is no error in the judgment appealed from, and it must be affirmed, with costs.